

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00073-CR

Kevin **ODELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10875
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  September 2, 2015

AFFIRMED AS MODIFIED

Appellant Kevin Odell was indicted for driving while intoxicated, third offense or more. After entering a plea of nolo contendere, Odell was placed on community supervision for a period of eight years with a $2,000 fine pursuant to a plea-bargain agreement. On June 4, 2014, the State moved to revoke his community supervision. On January 14, 2015, Odell pled true to having violated the terms and conditions of his community supervision, and the trial court revoked his community supervision and sentenced him to four years of imprisonment. At the sentencing

hearing, the trial court explicitly stated that "[t]here is no fine." Nevertheless, the written judgment imposed a $2,000 fine. Odell then filed a notice of appeal.

His court-appointed appellate attorney filed a brief in which he concludes that there are no meritorious issues present for review. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). However, counsel notes that the judgment should be reformed to delete the erroneous recitation that Odell's sentence includes a $2,000 fine. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (explaining that when there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls). Counsel also states that Odell was provided with a copy of the brief and motion to withdraw and was further informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Odell did not file a pro se brief, but did file a letter.

We have reviewed the record, counsel's brief, and Odell's letter. We agree that the appeal is frivolous and without merit. However, because the trial court's judgment erroneously recited the $2,000 fine, we modify the trial court's judgment to delete the $2,000 fine. *See Ferguson v. State*, 435 S.W.3d 291, 293-94 (Tex. App.—Waco 2014, pet. stricken) (explaining that appellate courts have the authority in *Anders* cases to reform judgments and affirm as modified where the error is not reversible). We affirm the judgment as modified.

Furthermore, we grant counsel's motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Odell wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date

the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

Do not publish